UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION OF MICHIGAN, et al.,<br><br>      Plaintiffs,<br><br>      v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,<br><br>      Defendants. | Civil Action No. 25-0184 (AHA) |

## **ANSWER**

Defendants the United States Immigration and Customs Enforcement ("ICE"), the Director of ICE in his official capacity, the United States Department of Homeland Security ("DHS"), and the Secretary of DHS in his official capacity, through undersigned counsel, hereby answers the Complaint of Plaintiffs American Civil Liberties Union of Michigan and American Civil Liberties Union Fund of Michigan. Defendants deny each allegation of the Complaint not expressly admitted in its Answer and admits, denies, or otherwise responds to the numbered paragraphs of the Complaint as follows.[1]

1.      Paragraph 1 consists of Plaintiffs' explanations about why they brought this action to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in paragraph 1.

---

[1]      For ease of reference, Defendants may refer to Plaintiffs' headings and titles, but to the extent those headings could be construed to contain factual allegations, those allegations are denied.  Defendants have similarly numbered the paragraphs of their answer to correspond to the paragraphs in Plaintiffs' Complaint.

2.      Paragraph 2 consists of Plaintiffs' explanations about why they brought this action to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in paragraph 2.

3.      Paragraph 3 consists of Plaintiffs' explanations about why they brought this action to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in paragraph 3.

4.      Paragraph 4 consists of Plaintiffs' explanations about why they brought this action to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in paragraph 4.

5.      Paragraph 5 consists of Plaintiffs' characterizations about why they brought this action to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in paragraph 5. Regarding the reference to 8 C.F.R. § 236.6, Defendants respectfully refer to Court to the regulation itself for the most accurate representation of its contests and deny any allegations inconsistent with its plain meaning.

6.      Paragraph 6 consists of Plaintiffs' characterizations about why they brought this action to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in paragraph 6.

7.      Paragraph 7 consists of a conclusion of law, to which no response is required.  To the extent a response is deemed required, Defendants admit that Plaintiffs purport to bring this action to vacate the Records Rule as applied to records that are not in ICE's possession, but otherwise deny the allegations in paragraph 7.

## JURISDICTION AND VENUE

8.      Paragraph 8 consists of a conclusion of law, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in paragraph 8.

2

9.      Paragraph 9 consists of a conclusion of law, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in paragraph 9.

10.      Paragraph 10 consists of a conclusion of law, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in paragraph 10.

## PARTIES

11.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11.

12.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12.

13.      Defendants admit the allegations in paragraph 13.

14.      Defendants admit the allegations in paragraph 14.

15.      Defendants admit the allegations in paragraph 15.

16.      Defendants admit the allegations in the first sentence of paragraph 16 but deny the allegations in the second sentence.

## STATEMENT OF FACTS

**Federal and State Laws Promoting Public Access to Government Records**

17.      Paragraph 17 consists of Plaintiffs' characterization of FOIA to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the FOIA itself as the best evidence of its contents and deny any allegations inconsistent with the statute's plain meaning.

18.      Paragraph 18 consists of Plaintiffs' characterization of the Privacy Act to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the Privacy Act itself as the best evidence of its contents and deny any allegations inconsistent with the statute's plain meaning.

19.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

**8 C.F.R. § 236.6 (the "Records Rule")**

20.    Defendants admit the allegations in paragraph 20 but further aver that 8 C.F.R. § 236.6 "applies to all requests for public disclosure of such information."

21.    Paragraph 21 contains a narrative combined with conclusions of law, to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 21.

22.    Paragraph 22 contains a narrative about the regulatory history of 8 C.F.R. § 236.6 to which no response is required. To the extent a response is required, Defendants respectfully refer to the rulemaking record for the most accurate representation of the regulatory history and deny any allegations inconsistent therewith.

23.    Paragraph 23 contains a narrative about the regulatory history of 8 C.F.R. § 236.6 to which no response is required. To the extent a response is required, Defendants respectfully refer to the rulemaking record for the most accurate representation of the regulatory history and deny any allegations inconsistent therewith.

24.    Paragraph 24 contains a narrative about the regulatory history of 8 C.F.R. § 236.6 to which no response is required. To the extent a response is required, Defendants respectfully refer to the rulemaking record for the most accurate representation of the regulatory history and deny any allegations inconsistent therewith.

25.    Defendants admit the allegations in paragraph 25.

26.    Defendants admit the allegations in paragraph 26.

27.    Defendants admit the allegations in paragraph 27.

**Immigration Detention in Michigan**

28. Defendants lack knowledge or information to form a belief as to the truth of the allegations contained throughout paragraph 28.

29. Defendants admit that ICE contracts with some county jails to detain immigrants for civil immigration enforcement purposes. Defendants deny the remaining allegations contained in paragraph 29.

30. Defendants admit the allegations in paragraph 30.

31. Defendants admit the allegations in paragraph 31.

32. Defendants lack knowledge or information to form a belief as to the truth of the allegations contained throughout paragraph 32.

**Plaintiffs Attempts to Obtain Jail Records Related to Detained Immigrants**

33. Defendants lack knowledge or information to form a belief as to the truth of the allegations contained throughout paragraph 33.

34. Defendants lack knowledge or information to form a belief as to the truth of the allegations contained throughout paragraph 34.

35. Defendants lack knowledge or information to form a belief as to the truth of the allegations contained throughout paragraph 35. Furthermore, paragraph 35 consists of a conclusion of law, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in paragraph 35.

36. Defendants lack knowledge or information to form a belief as to the truth of the allegations contained throughout paragraph 36.

*State FOIA Request Regarding Unlawful Detention of Jimar Ramos-Gomez*

37. Defendants lack knowledge or information to form a belief as to the truth of the allegations contained throughout paragraph 37.

5

38.    Defendants lack knowledge or information to form a belief as to the truth of the allegations contained throughout paragraph 38.

39.    Defendants lack knowledge or information to form a belief as to the truth of the allegations contained throughout paragraph 39.

40.    Defendants lack knowledge or information to form a belief as to the truth of the allegations contained throughout paragraph 40.

41.    Defendants lack knowledge or information to form a belief as to the truth of the allegations contained throughout paragraph 41.

42.    Defendants lack knowledge or information to form a belief as to the truth of the allegations contained throughout paragraph 42.

43.    Defendants lack knowledge or information to form a belief as to the truth of the allegations contained throughout paragraph 43.

44.    Defendants lack knowledge or information to form a belief as to the truth of the allegations contained throughout paragraph 44.

45.    Defendants lack knowledge or information to form a belief as to the truth of the allegations contained throughout paragraph 45.

46.    Defendants lack knowledge or information to form a belief as to the truth of the allegations contained throughout paragraph 46.

47.    Defendants lack knowledge or information to form a belief as to the truth of the allegations contained throughout paragraph 47.

48.    Defendants lack knowledge or information to form a belief as to the truth of the allegations contained throughout paragraph 48.

49.    Defendants lack knowledge or information to form a belief as to the truth of the allegations contained throughout paragraph 49.

*Federal FOIA Request Regarding Mr. Ramos-Gomez*

50.    Defendants admit that the ACLU of Michigan submitted a federal FOIA request to ICE seeking records and documents. Defendants deny the remaining allegations contained in paragraph 50. Additionally, paragraph 50 consists of a conclusion of law to which no response is required. Also, Defendants lack knowledge or information to form a belief as to the truth of the allegations contained throughout paragraph 50.

51.    Defendants admit that documents were produced and that the parties settled the matter and dismissed the case on February 22, 2024.  Defendants deny the remaining allegations contained in paragraph 50.

52.    Defendants admit that documents were produced to the ACLU of Michigan. Defendants deny the remaining allegations contained in paragraph 52.  Additionally, paragraph 52 consists of a conclusion of law to which no response is required.

*State FOIA Request Regarding In-Jail Abuse of Luisa Fernanda Martinez Orozco*

53.    Defendants lack knowledge or information to form a belief as to the truth of the allegations contained throughout paragraph 53.

54.    Defendants lack knowledge or information to form a belief as to the truth of the allegations contained throughout paragraph 54.

55.    Defendants lack knowledge or information to form a belief as to the truth of the allegations contained throughout paragraph 55.

56.    Defendants lack knowledge or information to form a belief as to the truth of the allegations contained throughout paragraph 56.

57.    Defendants lack knowledge or information to form a belief as to the truth of the allegations contained throughout paragraph 57.

58.    Defendants lack knowledge or information to form a belief as to the truth of the allegations contained throughout paragraph 58.

*Federal FOIA Request Regarding Ms. Martinez Orozco*

59.    Defendants admit that the ACLU of Michigan submitted a federal FOIA request dated March 27, 2024, to ICE seeking records and documents. Defendants deny the remaining allegations contained in paragraph 59.  Additionally, paragraph 59 consists of a conclusion of law to which no response is required.

60.    Defendants admit that the ACLU of Michigan submitted a federal FOIA request dated March 27, 2024, to ICE seeking records and documents. Defendants deny the remaining allegations contained in paragraph 60.  Additionally, paragraph 60 consists of a conclusion of law to which no response is required.

61.    Defendants admit that the ACLU of Michigan filed a lawsuit regarding its FOIA request dated March 27, 2024, to ICE seeking records and documents. Defendants deny the remaining allegations contained in paragraph 61.

62.    Defendants deny the allegations throughout paragraph 62 as the case had a pending Motion to Stay the case and Defendants only recently received an Order from the Court staying the case.

**Other Attempts to Obtain County Jail Records Related to Detained Immigrants**

63.    Paragraph 63 consists of a conclusion of law, to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 63.

64.    Defendants lack knowledge or information to form a belief as to the truth of the allegations contained throughout paragraph 64.

65.     Defendants lack knowledge or information to form a belief as to the truth of the allegations contained throughout paragraph 65.

66.     Defendants lack knowledge or information to form a belief as to the truth of the allegations contained throughout paragraph 66.

67.     Defendants lack knowledge or information to form a belief as to the truth of the allegations contained throughout paragraph 67.

**Ongoing Harm to Plaintiffs Because of the Records Rule**

68.     Defendants deny the allegations in paragraph 68.

69.     Defendants deny the allegations in paragraph 69.

70.     Defendants lack knowledge or information to form a belief as to the truth of the allegations contained throughout paragraph 70.

71.     Paragraph 71 consists of a conclusion of law, to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 71.

**CLAIMS FOR RELIEF**

**COUNT I**
**Violation of Administrative Procedure Act, 5 U.S.C. §701 et seq.**
**(8 C.F.R. § 236.6 Exceeds Statutory Authority)**

72.     Defendants repeat and reallege their responses from the paragraphs above.

73.     Paragraph 73 consists of a conclusion of law, to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 73.

74.     Paragraph 74 consists of a conclusion of law, to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 74.

75.     Paragraph 75 consists of a conclusion of law, to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 75.

76.    Paragraph 76 consists of a conclusion of law, to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 76.

77.    Paragraph 77 consists of a conclusion of law, to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 77.

**COUNT II**
**Violation of Administrative Procedure Act, 5 U.S.C. § 701 et seq.**
**8 C.F.R. § 236.6 is Arbitrary and Capacious)**

78.    Defendants repeat and reallege their responses from the paragraphs above.

79.    Paragraph 79 consists of a conclusion of law, to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 79.

80.    Paragraph 80 consists of a conclusion of law, to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 80.

81.    Paragraph 81 consists of a conclusion of law, to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 81.

82.    Paragraph 82 consists of a conclusion of law, to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 82.

83.    Paragraph 83 consists of a conclusion of law, to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 83.

84.    Paragraph 84 consists of a conclusion of law, to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 84.

**PLAINTIFFS' PRAYER FOR RELIEF**

Plaintiffs' Prayer for Relief contains no factual allegations and therefore does not require a response. To the extent a response is deemed required, Defendants deny that Plaintiffs are entitled to the relief requested.

**AFFIRMATIVE DEFENSES**

1.       Plaintiffs fail to state a claim upon which relief may be granted because they have

an adequate alternative remedy for their APA claims.

2.       Plaintiffs fail to allege a final agency action.

3.       Plaintiffs' claims are barred by the statute of limitations.


Date:   April 23, 2026                                      Respectfully submitted,
        Washington, DC
                                                            JEANINE FERRIS PIRRO
                                                            United States Attorney

                                                            By:      /s/ Sam Escher
                                                                  SAM ESCHER, D.C. Bar #1655538
                                                                  Assistant United States Attorney
                                                                  601 D Street, NW
                                                                  Washington, DC 20530
                                                                  (202) 252-2531
                                                                  Sam.Escher@usdoj.gov

                                                            *Attorneys for the United States of America*

11