UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION OF MICHIGAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, et al., <br><br> Defendants. | Civil Action No. 25-0184 (AHA) |

## **DEFENDANTS' CONSENT MOTION TO MODIFY BRIEFING SCHEDULE**

Defendants, through undersigned counsel, respectfully move to modify the briefing schedule by extending all deadlines by about forty days. Counsel for Defendants conferred with counsel for Plaintiffs about this motion, and Plaintiffs consent to this motion. The proposed new schedule is as follows:

| Event | Current Deadline | Proposed New Deadline |
|---|---|---|
| Filing the Certified List of the Contents of the Administrative Record | June 25, 2026 | August 4, 2026 |
| Serving the Administrative Record | June 25, 2026 | August 4, 2026 |
| Defendants' MSJ | August 27, 2026 | October 6, 2026 |
| Plaintiffs' opposition + cross-MSJ | September 29, 2026 | November 10, 2026 |
| Defendants' reply + cross-opposition | October 29, 2026 | December 8, 2026 |
| Plaintiffs' cross-reply | November 19, 2026 | January 8, 2027 |

"When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . if a request is made before the original time or its extension expires." Fed. R.

Civ. P. 6(b)(1). "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "District courts enjoy broad discretion when deciding case management and scheduling matters." *McGehee v. Dep't of Just.*, 362 F. Supp. 3d 14, 18 (D.D.C. 2019).

Good cause exists to grant this motion. At issue is a regulation that was promulgated on January 29, 2003. In other words, it was promulgated over 23 years ago. In fact, the regulation is so old that it was promulgated by an agency that no longer exists – Immigration and Naturalization Service when it was part of the U.S. Department of Justice. Because of the amount of time that has passed since the regulation was promulgated, it has been difficult for Defendants to find an administrative record. Candidly, this is exactly the issue that the dissenting opinion foreshadowed in *Corner Post, Inc. v. Board of Governors of the Federal Reserve System*, 603 U.S. 799, 860 (2024) (Jackson, J., dissenting) ("The majority forces courts and agencies to parse cold administrative records. Long after the action in question, courts may be ill equipped to review decades-old administrative explanations."). Regardless, Defendants have been diligent in their efforts to obtain an administrative record. Recently, Defendants reached out to the U.S. National Archives and Records Administration to inquire about records related to the regulation at issue and are awaiting more information.

For the reasons above, Defendants contend there is good cause to grant this motion and extend all deadlines as proposed above and the attached proposed order.

\*     \*     \*

2

Date:  June 25, 2026
       Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:  _____*/s/ Sam Escher*_____
     SAM ESCHER, D.C. Bar #1655538
     Assistant United States Attorney
     601 D Street, NW
     Washington, DC 20530
     (202) 252-2531
     Sam.Escher@usdoj.gov

*Attorneys for the United States of America*

3